**THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

SCOTTSDALE INSURANCE COMPANY, as
successor in interest to WESTERN HERITAGE
INSURANCE COMPANY,

Plaintiff,

v.

59 POWER SPORTS, INC, JERRY MONIER,
PEGGY MONIER, E.H., a minor, by and
through her parents and guardians Daniel R. Huls
and Jaime L. Huls, DANIEL R. HULS, and
JAIME L. HULS,

Defendants.

Case No.

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Scottsdale Insurance Company ("Scottsdale"), as successor in interest to policies originally underwritten by Western Heritage Insurance Company, by and through its attorney Kathleen Reitz of Meagher & GEER, P.L.L.P., brings this Complaint for Declaratory Judgment against 59 Power Sports, Inc.; Jerry Monier; Peggy Monier; E.H. a minor by and through her parents and guardians Daniel R. Huls and Jaime L. Huls; Daniel R. Huls; and Jaime Huls and alleges and states as follows:

## INTRODUCTION

1.      Scottsdale brings this action to obtain a declaratory judgment finding it has no duty to defend or indemnify 59 Power Sports, Inc., Jerry Monier, and Peggy Monier in connection with a personal injury lawsuit pending against them in the District Court for Osceola County, Iowa, encaptioned *E.H. v. Monier*, *et al.* (No. LACV020609) ("Underlying Lawsuit").

## JURISDICTION & VENUE

2.     Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

3.     Plaintiff, Scottsdale, is a corporation organized under the laws of Ohio, with its principal place of business in Scottsdale, Arizona.

4.     Defendant, 59 Power Sports, Inc. ("Power Sports"), is a corporation organized under the laws of Iowa with its principal place of business in Sibley, Iowa.

5.     Defendant, Jerry Monier, is resident of Sibley in Osceola County and a citizen of the State of Iowa.

6.     Defendant, Peggy Monier, is a resident of Sibley in Osceola County and a citizen of the State of Iowa.

7.     Defendant, E.H., a minor, is a resident of Sibley in Osceola County and a citizen of the State of Iowa.  E.H. is named as a potentially interested party by virtue of her status as a plaintiff in the Underlying Lawsuit

8.     Defendant, Daniel R. Huls, is a resident of Sibley in Osceola County and a citizen of the State of Iowa.  Mr. Huls is named as a potentially interested party by virtue of his status as a plaintiff in the Underlying Lawsuit.

9.     Defendant, Jaime L. Huls, is a resident of Sibley in Osceola, County and a citizen of the State of Iowa.  Ms. Huls is named a potentially interested party by virtue of her status as a plaintiff in the Underlying Lawsuit.

10.     Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between Plaintiff, Scottsdale, on the one hand, and Defendants, Power Sports, Mr. Monier, Mrs. Monier, E.H., a minor, Mr. Huls, and Mrs. Huls, on the other hand; and (b) the amount in controversy,

25826142.v2

including the potential cost of defending and indemnifying Power Sports, Mr. Monier, and Mrs. Monier with regard to the Underlying Lawsuit exceeds $75,000.

11.     Venue is appropriate under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the Underlying Lawsuit occurred in this District, and the subject policy was issued and delivered in this District.

12.     An actual justiciable controversy exists between Scottsdale, on the one hand, and Power Sports, Mr. Monier, Mrs. Monier, E.H., a minor, Mr. Huls, and Mrs. Huls, on the other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liabilities of the parties hereto and to grant such relief as it deems necessary and proper.

## THE POLICY

13.     Scottsdale issued to Power Sports a garage policy, No. AGP0860010, for the August 29, 2016 to August 29, 2017 policy period ("Policy").  A true and correct copy of the Policy is attached hereto as **Exhibit A**.

14.     The Policy contains the following relevant insuring agreement in connection with "bodily injury" claims:

### SECTION II – LIABILITY COVERAGE

A.     **Coverage**

* * *

2.     **"Garage Operations" – Covered "Autos"**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" . . . to which this insurance applies caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance or use of covered "autos." . . . .

25826142.v2

15. Pursuant to endorsement, the Policy contains the following "Who Is An Insured" provision:

>    1. **Who Is An Insured** is replaced by the following:
>
>    a. The following are "insureds" for covered "autos":
>
>    (1) You for any covered "auto".
>
>    \* \* \*

16. The Policy contains a Garage Coverage Master Endorsement (WHI 26-03-7 (07-13)), which contains the following relevant exclusion:

>    **YOUTHFUL DRIVER EXCLUSION – DEALERS ONLY**
>
>    We will not pay for "bodily injury" . . . while anyone under the age of twenty-one (21) is operating a covered "auto" at any time. This exclusion does not apply to the persons named in the Schedule of Youthful Drivers or to a prospective purchaser while on a test drive accompanied by you or your "employee")

**Schedule of Youthful Drivers**

| Driver's Name |
|---|
|  |
|  |
|  |
|  |

17. The Policy contains the following relevant Definition:

>    H. "Garage operations" means the ownership, maintenance or use of locations for garage business …. "Garage operations" includes the ownership, maintenance or use of the "autos" indicated in Section **I** of this coverage form as covered "autos". "Garage operations" also include all operations necessary and incidental to a garage business.
>
>    "Insured" means any person or organization qualifying as an insured in the Who Is an Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

25826142.v2

## UNDERLYING COMPLAINT

18.     The Complaint in the Underlying Lawsuit ("Underlying Complaint") alleges that on July 1, 2017, E.H., a minor, was injured when a 2016 Artic Cat Prowler/HDX Recreational Off-Highway Vehicle ("UTV") she was driving unexpectedly overturned, causing severe bodily injuries. A true and correct copy of the Underlying Complaint is attached hereto and incorporated herein as **Exhibit B**.

19.     The Underlying Complaint alleges that Mr. Monier entrusted the use of the UTV to unlicensed females under the age of 16 years.

20.     The Underlying Complaint further alleges that the UTV was owned by the defendants, including Power Sports, Mr. Monier, and Mrs. Monier.

21.     Count I, entitled "Negligence," alleges that the defendants, including Power Sports, Mr. Monier, and Mrs. Monier, negligently entrusted the use and operation of the UTV to female persons under the age of 16 who did not possess a valid driver's license and knew, or should have known, the female persons did not have sufficient experience or skills to operate the UTV safely.

22.     Count II, entitled "Common Law Negligence," alleges the defendants, including Power Sports, Mr. Monier, and Mrs. Monier, are responsible and liable under the common law for their negligence combined with any negligence of the inexperienced, incompetent, unlicensed and underage driver(s) of the UTV.

23.     Count III, entitled "Iowa Code 321.493 Liability for Damages," alleges the UTV is considered a motor vehicle pursuant to Iowa law and that the defendants, including Power Sports, Mr. Monier, and Mrs. Monier, are liable for all damage done by the UTV, including all injuries and damages suffered by the plaintiffs.

24.     Count IV, entitled "Iowa Code 321I.19 Negligence," alleges the defendants, including Power Sports, Mr. Monier, and Mrs. Monier, consented to inexperienced and unlicensed female

25826142.v2

persons under the age of 16 to use and operate the UTV and that, pursuant to Iowa Code 321I.19, the defendants are liable for any injuries or damage occasioned by the negligent operation of the UTV.

25.     Count V, entitled "Iowa Code 321.234A and 321.484 Negligence," alleges the defendants, including Power Sports, Mr. Monier, and Mrs. Monier, as manufacturers, distributors, dealers, or personal owners of the UTV, were required to fulfill certain registration requirements under Iowa law and to obtain a special registration decal or a special plate.

26.     Count VI, entitled "Failure to Warn/Inadequate Warning," alleges the defendants, including Power Sports, Mr. Monier, and Mrs. Monier, manufactured and supplied the UTV and that the omission of reasonable instructions or warnings rendered the UTV not reasonably safe.

## COUNT I – DECLARATORY JUDGMENT
## NO DUTY TO DEFEND POWER SPORTS

27.     Scottsdale incorporates by reference paragraphs 1-26 above as if fully stated herein.

28.     Pursuant to the Policy's insuring agreement, in order for Power Sports to be afforded coverage under the Policy, the loss alleged in the Underlying Complaint must arise out of "bodily injury" caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance, or use of a covered "auto."

29.     Here, the insuring agreement is not satisfied because at the time the injuries to E.H., a minor, the UTV was not owned or maintained, and was not being used, by Power Sports in connection with its garage business.

30.     Even if the Policy's insuring agreement were satisfied, the Youthful Driver Exclusion applies since E.H., a minor who was under the age of 21, was operating the UTV at the time of her injuries.

## COUNT II – DECLARATORY JUDGMENT
## NO DUTY TO INDEMNIFY POWER SPORTS

31.     Scottsdale incorporates by reference Paragraphs 27-30 above as if fully stated herein.

25826142.v2

32.     Given the failure to satisfy the applicable insuring agreement and the application of the Youthful Driver Exclusion, Scottsdale has no duty to indemnify Power Sports against any adverse judgment in the Underlying Lawsuit.

**COUNT III – DECLARATORY JUDGMENT**
**NO DUTY TO DEFEND MR. & MRS. MONIER**

33.     Scottsdale incorporates by reference paragraphs 1-26 above as if fully stated herein.

34.     Mr. and Mrs. Monier are not owed a duty to defend because they do not qualify as insureds under the Policy.

35.     Even if Mr. and Mrs. Monier qualify as insureds, pursuant to the Policy's insuring agreement, in order for Mr. and Mrs. Monier to be afforded coverage under the Policy, the loss alleged in the Underlying Complaint must arise out of "bodily injury" caused by an "accident" and resulting from "garage operations" involving the ownership, maintenance, or use of a covered "auto."

36.     Here, the insuring agreement is not satisfied because at the time the injuries to E.H., a minor, the UTV was not owned or maintained, and was not being used, by Mr. and Mrs. Monier in connection with Power Sports' garage business.

37.     Even if Mr. and Mrs. Monier qualify as insureds and the Policy's insuring agreement were satisfied, the Youthful Driver Exclusion applies since E.H., a minor who was under the age of 21, was operating the UTV at the time of her injuries.

**COUNT IV – DECLARATORY JUDGMENT**
**NO DUTY TO INDEMNIFY MR. & MRS. MONIER**

38.     Scottsdale incorporates by reference paragraphs 33-37 above as if fully stated herein.

39.     Since Mr. and Mrs. Monier do not qualify as insureds under the Policy, the allegations of the Underlying Lawsuit fail to satisfy the applicable insuring agreement, and the Youthful Driver Exclusion applies, Scottsdale has no duty to indemnify Mr. and Mrs. Monier against any adverse judgment in the Underlying Lawsuit.

25826142.v2

WHEREFORE, Plaintiff, SCOTTSDALE INSURANCE COMPANY, as successor in interest to policies originally underwritten by WESTERN HERITAGE INSURANCE COMPANY, respectfully requests this Court declare and adjudge the controversy as follows:

A.    Scottsdale has no duty to defend Powers Sports in connection with the Underlying Lawsuit;

B.    Scottsdale has no duty to defend Mr. Monier in connection with the Underlying Lawsuit;

C.    Scottsdale has no duty to defend Mrs. Monier in connection with the Underlying Lawsuit;

D.    Scottsdale has no duty to indemnify Power Sports in connection with the Underlying Lawsuit;

E.    Scottsdale has no duty to indemnify Mr. Monier in connection with the Underlying Lawsuit;

F.    Scottsdale has no duty to indemnify Mrs. Monier in connection with the Underlying Lawsuit;

G.    Grant any other relief this Court deems just and equitable under the circumstances, including the award of costs.


Dated:  March 16, 2020                    MEAGHER & GEER, P.L.L.P.


                                          /s/Kathleen Li Reitz
                                          Kathleen Li Reitz (AT0012357)
                                          33 South Sixth Street, Suite 4400
                                          Minneapolis, Minnesota 55402
                                          Tel:     (612) 337-9642
                                          Fax:     (612) 338-8384
                                          Email:   kreitz@meagher.com

25826142.v2